RECEIVED
IN LAKE CHARLES, LA

MAY 28 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| NORA L. CHATMAN | : | DOCKET NO. 2:08 CV 832 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| THE HOME DEPOT USA, INC. and JIMMY JOHNSON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment, [doc. 19], filed by defendants Home Depot USA, Inc. and Jimmy Johnson (hereinafter collectively "the defendants"). Ms. Chatman filed an opposition [doc. 23]. The defendants filed a reply [doc. 24]. A jury trial is scheduled for November 2, 2009.

## PROCEDURAL HISTORY AND FACTS

Ms. Chatman filed this suit in the 14th JDC for injuries sustained while shopping at the Home Depot located at 3600 East Prien Lake Road in Lake Charles, Louisiana.[1] On June 12, 2008, the defendants removed to the United States District Court for the Western District of Louisiana, Lake Charles Division.[2] On November 25, 2008, Magistrate Judge Kay denied Ms. Chatman's motion to remand from the bench.[3] On March 9, 2009, the defendants filed this motion for summary judgment, which is now fully briefed and ready for consideration.

---

[1] Compl. ¶ 5 [doc. 2-4].

[2] Notice of Removal [doc. 1-1].

[3] Minutes [doc. 17].

1

Ms. Chatman went to Home Depot on March 17, 2007 to purchase a palm tree.[4] She asked an employee (later identified as Mr. Johnson) to help her with the palm tree, which was about fifty pounds.[5] She asked him to get a cart and place the plant on the cart.[6] Approximately ten to fifteen minutes passed, during which Mr. Johnson got the cart.[7] Mr. Johnson and fellow employee Sharon Hebert pulled the plant out.[8] According to Ms. Chatman, while they pulled the plant out, she backed up to move out of the way and tripped over the cart.[9] Ms. Chatman stated she took two steps and tripped over the cart.[10]

Ms. Chatman alleges that Mr. Johnson placed a flat, floor-level dolly behind her, and that when she took a step, she tripped on the dolly and hit the floor, causing injuries to her neck, hand, arm, shoulder, and back.[11] Ms. Chatman alleges that Mr. Johnson created the tripping hazard by placing the dolly immediately behind her and failing to warn her of the tripping hazard.[12] Ms. Chatman states that she did not know the cart was right behind her.[13] She also stated that she did not

---

[4] Def.'s Ex. A (Chatman Dep.) 42:3-6.

[5] *Id.* 44:5-7.

[6] *Id.* 45:8-9.

[7] *Id.* 47:1-14.

[8] *Id.* 47:16-19.

[9] *Id.* 50:3-9.

[10] *Id.* 50:3-9.

[11] *Id.* 50:7-9.

[12] Compl. ¶ 7.

[13] Chatman Dep. 47:16-19.

hear the cart.[14] She walked backwards without turning to look behind her.[15] Ms. Chatman does not know how long the cart was there prior to her accident.[16] She also states that had she turned around and looked, she would have seen the cart.[17] When asked "had you turned around and looked where you were going, would you have prevented the accident," she answered affirmatively.[18]

The defendants submitted Ms. Hebert's affidavit. Ms. Hebert stated that she brought the cart over to the plant area, approximately ten feet from the plant, as Mr. Johnson and Ms. Chatman watched.[19] Ms. Hebert also stated that she and Mr. Johnson told Ms. Chatman that they were going to bring a cart to the palm tree area before they retrieved the cart.[20]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial.

---

[14] *Id.* 50:24-25.

[15] *Id.* 50:3-6.

[16] *Id.* 56:5.

[17] *Id.* 55:15-17.

[18] *Id.* 55:21-23.

[19] Def.'s Ex. B (Hebert Dep.) 27:17-25, 28:1-6.

[20] *Id.* 56:11-18.

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...."

## ANALYSIS

At the outset, this Court must determine which theory of liability applies to Ms. Chatman's lawsuit. When a patron is injured on a merchant's premises, there are two theories of liability the patron may invoke: the merchant's liability statute, La. Rev. Stat. Ann. § 9:2800.6,[21] or premises

---

[21] Section 9:2800.6 provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

4

liability pursuant to La. Civ. Code art. 2317.1.[22] *Riolo v. Nat'l Tea Co.*, 98-CA-872 (La. App. 5 Cir. 1/26/99); 726 So.2d 515, 518. "[W]hen the accident is allegedly the result of a specific act on the part of the merchant and not solely the result of a condition found on the premises, the principles of negligence are applicable." *Id.* (citing *Crooks v. Nat'l Union Fire Ins. Co.*, 620 So.2d 421 (La. App. 3d Cir. 1993), *writ denied*, 629 So.2d 391 (La. 1993)).

---

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

[22] La. Civ. Code art. 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

5

In *Crooks*, the Louisiana Third Circuit Court of Appeal found that the plaintiff brought suit pursuant to La. Civ. Code art. 2317.1. *Crooks*, 620 So.2d at 424. Ms. Crooks was allegedly injured in a Wal-Mart store when a store employee pulled on a vacuum hose as Ms. Crooks attempted to step over the hose. *Id.* at 425. The *Crooks* court observed that most cases involving a slip or trip and fall involve a hazard caused by spilled liquid or an item temporarily present in an aisle, whereas the alleged hazard here was a specific act performed by an employee. *Id.* at 426. (noting that "the accident is allegedly the result of a specific act on the part of [the employee], and not solely the result of a condition found on the premises. Therefore, the principles of negligence are applicable").

By contrast, in *Riolo*, Louisiana's Fifth Circuit Court of Appeal concluded that the plaintiff brought suit under La. Rev. Stat. Ann. § 9:2006.1 because she alleged that she tripped on one of several plastic grocery bags littering the parking lot. *Id.* The *Riolo* court concluded that a plastic grocery bag was a "condition" such that the case was "squarely within the scope of the merchant's liability statute." *Id.*

Having examined the petition and relevant jurisprudence, this Court concludes that Ms. Chatman brings suit pursuant to La. Civ. Code art. 2317.1, because, like the plaintiff in *Riolo*, she alleges that Home Depot, through its employee Mr. Johnson, created a specific tripping hazard by placing the cart immediately behind her without warning her of its placement.

In *Bozeman v. Scott Range Twelve Ltd. Partnership*, 03-903 (La. App. 1 Cir. 4/2/04); 878 So.2d 615, 619, the court articulated the duty-risk analysis for premises liability:

> The owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. This duty is the same under the strict liability theory or La. Civ. Code

6

art. 2317 and the negligence theory of La. Civ. Code art. 2315. Under either theory, the plaintiff has the burden of proving that: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk.

In general, defendants may have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. The degree to which a potential victim may observe a danger is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the landowner.

Furthermore,

[w]hether a condition is unreasonably dangerous requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

*Id.* (quoting *Hutchinson v. Knights of Columbus, Council No. 5747, et al.*, 2003-C-1533 (La. 2/20/04); 866 So.2d 228, 235). The *Hutchinson* court also stated that the duty does not fall solely to the landowner; a pedestrian has a duty "to see that which should be seen and is bound to observe whether the pathway is clear." 866 So.2d at 235. Additionally, if a condition is as obvious to a visitor as it is to the landowner or the visitor should have observed the condition in the exercise of reasonable care, then the landowner is not liable for an injury arising from such a condition. *Id.*

7

In *Bozeman*, a deceased woman's parents brought a wrongful death and survival action on her behalf. *Id.* at 617. Ms. Hull died after she drove into a borrow pit and her car became submerged. *Id.* The defendant landowner submitted several affidavits stating that the borrow pit was clearly visible, nothing obstructed its view from the road, and the borrow pit was well-known to residents of Livingston Parish. *Id.* at 620. The plaintiffs also submitted several affidavits stating that at the time of the accident, the borrow pit was surrounded by knee-high weeds adjacent to the gravel road that would have obscured the view of the borrow pit from a motorist. *Id.* at 620-21. In light of this conflicting evidence, the *Bozeman* court concluded the trial court erroneously granted summary judgment because there were material issues of fact as to whether the borrow pit presented an unreasonable risk of harm, and whether the borrow pit was an open and obvious hazard, such that the landowner owed no duty. *Id.* at 621.

In *Hutchinson*, Ms. Hutchinson brought suit for injuries sustained at the Crawfish Festival when she tripped and fell on electric cables. 866 So.2d at 230. The defendant moved for summary judgment, and submitted evidence that barricades were in place to restrict access to the area where Ms. Hutchinson sustained injuries. *Id.* Ms. Hutchinson and her husband opposed the motion, and submitted affidavits that there were no barricades where Ms. Hutchinson was injured. *Id.* at 231. The Louisiana Supreme Court affirmed the court of appeal's reversal of summary judgment, finding that there was a genuine issue of material fact as to whether an unreasonably dangerous condition–a tripping hazard through a pedestrian pathway–existed. *Id.* at 235.

The defendants argue that summary judgment is warranted because the law does not impose a duty to warn against open and obvious conditions on the premises, and a bright orange flat cart is such a condition. Home Depot cites Ms. Chatman's deposition as support, because she stated that

the cart was two steps from where she was standing and located "smack dab in the middle of the aisle."[23] Ms. Chatman stated that had she turned around and looked, she would have seen the cart, which would have prevented the accident.[24] Thus, the defendants argue that they did not have a duty to warn Ms. Chatman because the cart was an open and obvious condition that was as equally observable to Ms. Chatman as it was to Home Depot. The defendants further argue that Ms. Chatman had a duty to observe whether a pathway is clear, and, as she admitted in her deposition, she failed to do so.

Ms. Chatman opposes the motion for summary judgment. She argues that Home Depot employees created the hazard and failed to warn her of the danger. She further argues that the open and obvious defense does not apply because she was not aware that an employee positioned the cart directly behind her.

Although there are issues of fact–such as whether Ms. Chatman observed the cart's arrival and which employee brought the cart to the palm tree aisle–these issues of fact are not material such that they preclude summary judgment. Unlike *Hutchinson* and *Bozeman*, there is no issue of fact as to whether the cart presented an unreasonably dangerous condition. Because "[t]he degree to which a potential victim may observe a danger is one factor in the determination of whether the condition is unreasonably dangerous," and Ms. Chatman admits in her deposition that had she looked, she would have seen the cart, the cart is therefore, by Ms. Chatman's own omission, an open and obvious condition. *See Bozeman*, 878 So.2d at 619. A landowner has no duty to warn of a condition that is

---

[23] Chatman Dep. 50:7-9, 55:13-14.

[24] *Id.* 55:15-17, 21-23.

open and obvious to all. *Id.* Moreover, the duty did not rest solely with Home Depot; Ms. Chatman had a duty "to see that which should be seen and is bound to observe whether the pathway is clear." *Hutchinson*, 866 So.2d at 235. Because she failed to do so, and admitted that had she looked before walking backwards, she would have observed the cart and prevented the accident, this Court finds that summary judgment in favor of the defendants is warranted; and accordingly,

IT IS ORDERED that the motion for summary judgment [doc. 19] is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this 27 day of May, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE